60 F.3d 827
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 James C. WAGNER, Petitioner-Appellant,
v.
Nicholas J. HUN, Commissioner of the West Virginia
Department of Corrections, Respondent-Appellee,
and Darrell V. McGRAW, JR., Attorney General of West
Virginia, Respondent.
 No. 94-7111.
 United States Court of Appeals, Fourth Circuit.
 June 30, 1995.
 
 John David Wooton, WOOTON, WOOTON & FRAGILE, Beckley, West Virginia; James Allen Matish, Clarksburg, West Virginia; Cheryl J. Sturm, West Chester, Pennsylvania, for Appellant. Chad Marlo Cardinal, Assistant Attorney General, Charleston, West Virginia, for Appellee.
 Before WILKINSON and HAMILTON, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 James C. Wagner seeks to appeal the district court's order granting the Respondent's motion to dismiss and denying relief on Wagner's habeas corpus petition filed pursuant to 28 U.S.C. Sec. 2254 (1988). We have reviewed the record and the district court's opinion accepting the recommendation of the magistrate judge and find no reversible error.[1] Accordingly, we deny a certificate of probable cause and dismiss the appeal. Wagner's argument that he was denied an opportunity to litigate fully and fairly his Fourth Amendment claim as a result of judicial bias does not merit issuance of a certificate of probable cause because the trial court conducted a lengthy hearing on Wagner's motion to suppress and because the state court record disclosed no bias by the trial court against Wagner.[2] See Barefoot v. Estelle, 463 U.S. 880, 893 (1983) (stating standards for granting certificates of probable cause).
 
 
 2
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 DISMISSED
 
 
 [1]
 Where, as in this case, the district court considered matters outside the pleadings, it should have treated the motion to dismiss as a motion for summary judgment. See Gay v. Wall, 761 F.2d 175, 177 (4th Cir.1985). Any error was harmless because Wagner was on notice of the possible conversion due to the attachment of exhibits on the motion to dismiss, a copy of which Wagner received, id., and because Wagner's counsel responded to the motion
 
 
 [2]
 We note that Wagner likely has waived appellate review on his double jeopardy claim by failing to present argument on it in the appellate brief. See Rosenberger v. Rector & Visitors of Univ. of Va., 18 F.3d 269, 276 (4th Cir.) (citing Shopco Distrib. Co. v. Commanding Gen., 885 F.2d 167, 170 n. 3 (4th Cir.1993)), cert. granted, 63 U.S.L.W. 3346 (U.S. Nov. 1, 1994) (No. 94-329); Bender v. Brumley, 1 F.3d 271, 275 (5th Cir.1993). Even if the issue is not waived, however, the district court properly denied relief on the merits. See Oregon v. Kennedy, 456 U.S. 667, 676 (1982); Lee v. United States, 432 U.S. 23, 30-31 (1977)